IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS BERNAL,<br><br>             Plaintiff,<br><br>      vs.<br><br>P. ALVARADO, et al.,<br>             Defendants.<br>_____/ | CASE NO. CV-F-05-656 REC DLB P<br><br>ORDER DISMISSING COMPLAINT<br>WITH LEAVE TO AMEND<br><br><br>[Doc. 1] |

     Plaintiff Carlos Bernal is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant 28 U.S.C. § 1983. Pending before the Court is plaintiff's complaint filed May 19, 2005.

     A.    <u>Screening Standard</u>

     The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.     Summary of Plaintiff's Complaint

Plaintiff names as defendants, inmates P. Alvarado and Jesus Herrera, the Warden of Corcoran State Prison, Sergeant Scaife and Sergeant Oehlert. Plaintiff alleges that inmates Alvarado and Herrera accused plaintiff of being a pedophile and also of rape and murder. He contends that based on these rumors, defendants Scaife and Oehler and other correctional guards have started calling him derogatory names and subjecting him to inhumane conditions. He asserts that someone has been putting things in his food and spitting on his canteen. He contends that based on the rumors, his life is in danger.

Plaintiff is advised that inmates Alvarado and Herrera are not proper defendants in this civil rights action because they were not acting under color of law. To state a claim under section 1983, a plaintiff must plead (1) that the defendant acted under color of state law and (2) that the defendant deprived him of rights secured by the Constitution or federal statutes. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986). Generally, private parties are not acting under color of state law. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991).

Plaintiff is also advised that verbal harassment or abuse does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Therefore the allegation that the other defendants began calling plaintiff derogatory names does not state a cognizable claim for relief under § 1983.

Plaintiff also states that defendants have subjected him to inhumane conditions, however, he does not provide enough detail for the court to determine whether the conditions were violative of the

constitution. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Plaintiff must provide more detail regarding the conditions he was subject to and defendants actions in order state a cognizable claim for relief.

In summary, as submitted, plaintiff's complaint fails to state any cognizable claims for relief against the named defendants and therefore must be dismissed in its entirety. However, the Court will provide plaintiff the opportunity to file an amended complaint. Failure to cure the deficiencies identified in this order will result in dismissal of this action without leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

To the extent plaintiff is claiming that defendants' actions have put him at risk, in order state a cognizable constitutional claim, plaintiff must establish that they were deliberately indifferent to a substantial risk of serious harm to plaintiff. Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit v. Ray, 682 F.2d at 1250-51; Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the inmate must establish that prison officials were deliberately indifferent to a substantial risk of serious harm to the inmate's safety. Farmer, 511 U.S. at 834. The deliberate indifference standard involves an objective and a subjective prong. First,

1  the alleged deprivation must be, in objective terms, "sufficiently serious . . ." Id. at 834 (citing Wilson
2  v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an
3  excessive risk to inmate health or safety." Id. at 837.

4       In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to make
5  plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be
6  complete in itself without reference to any prior pleading.  This is because, as a general rule, an
7  amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.
8  1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function
9  in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the
10 involvement of each defendant must be sufficiently alleged.

11      In accordance with the above, IT IS HEREBY ORDERED that:

12         1. Plaintiff's complaint is dismissed;

13         2. The Clerk's Office shall send plaintiff a complaint form; and

14         3. Plaintiff is granted thirty days from the date of service of this order to file an amended
15 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
16 Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number
17 assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two
18 copies of the amended complaint; failure to file an amended complaint in accordance with this order will
19 result in dismissal of this action for failure to state a claim and failure to comply with the court's order.

20      IT IS SO ORDERED.

21     **Dated:   March 6, 2006**               **/s/ Dennis L. Beck**
   3b142a                                           UNITED STATES MAGISTRATE JUDGE